UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIA DOS SANTOS SILVA,

                     Plaintiff,

-against-

CARLOS EDUARDO CARVALHO DE LIMA
and LUCIANE CHECCHIA NERY,

                     Defendants.

**ORDER DENYING IFP APPLICATION**

20-cv-04378 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Before me is Plaintiff's application to proceed *in forma pauperis* ("IFP"). (Doc. 5). For the reasons set forth below, the Court denies Plaintiff's request to proceed IFP without prejudice to re-filing should Plaintiff be so inclined within 30 days from the date of this Order.

    "The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion." *Deliston v. Smokeshack*, No. 16-CV-3628, 2016 WL 4530889, at *1 (S.D.N.Y. Aug. 16, 2016) (quoting *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010)); *see also* 28 U.S.C.A. § 1915(a) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor."). The Court denies Plaintiff's IFP Application for three reasons.

    First, Plaintiff has failed to complete the IFP Application as Plaintiff has failed to provide responses to §§ 3(d)–(g). (*See* Doc. 5).

    Second, Plaintiff is represented by counsel in this action (*see* Doc. 1), and the Court is unaware of the exact nature of the relationship between counsel and Plaintiff. The fact that Plaintiff is represented by counsel is not dispositive of whether IFP status is appropriate. *See*

*Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*, No. 17-CV-4109, 2018 WL 1545687, at *3 (E.D.N.Y. Mar. 29, 2018) ("[W]hile the vast majority of *in forma pauperis* motions involve *pro se* plaintiffs, courts in this district have consistently granted IFP status when plaintiff is represented by an attorney."). However, if counsel represents Plaintiff on a contingency fee basis, IFP status may be inappropriate or unnecessary. *See Deliston*, 2016 WL 4530889, at *1 ("Judges in both the S.D.N.Y. and E.D.N.Y. 'have concluded that an *in forma pauperis* application ordinarily should not be granted in a contingency fee context.'" (quoting *Darang v. The City of New York*, No. 15-CV-6058, 2015 WL 8207438, at *1 (E.D.N.Y. Dec. 7, 2015))).

Third, Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Laws ("NYLL"). (Doc. 1 ¶ 2). The FLSA and the NYLL both contain fee-shifting provisions, which entitle Plaintiff to recover attorney's fees and litigation costs in the event Plaintiff prevails on her claims. *See* 29 U.S.C. § 216 ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 663 ("In any civil action by an employee . . . the employee . . . shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment."). The fee-shifting provisions in the FLSA and the NYLL may obviate the need for Plaintiff to proceed IFP because the statutes' fee-shifting provisions enable an indigent plaintiff to attract effective legal representation, as Plaintiff has here, and to recover litigation expenses, such as filing fees. *See Deliston*, 2016 WL 4530889, at *1 (noting that the fee-shifting provision in the Americans with Disabilities Act is intended to "permit plaintiffs with valid claims to attract effective legal representation" and denying plaintiff IFP status).

Accordingly, Plaintiff's request to proceed IFP is denied without prejudice to Plaintiff re-filing an application to proceed IFP within 30 days from the date of this order. If Plaintiff wishes

to proceed IFP, Plaintiff shall submit an amended, and completed, IFP Application supported by a memorandum of law and affidavit in support thereof, which addresses the issues raised herein.

Dated: New York, New York
      June 16, 2020

SO ORDERED.

_____
Philip M. Halpern, U.S.D.J.

3