

July 15, 2021

<u>VIA ECF</u>

The Honorable Paul E. Davison
Magistrate Judge
U. S. District Court for the Southern District of New York
300 Quarropas Street, Courtroom 420
White Plains, New York 10601

      Re:    *Silva v. de Lima et al.* 20-cv-4378 (PED)

Dear Judge Davison:

      The parties in the above-referenced matter have reached a settlement of their wage and hour dispute and seek approval of their settlement as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). This letter is submitted with the consent of all parties.

## Background

      Plaintiff Natalia do Santos Silva brought this case against Carlos Eduardo Carvalho de Silva and Luciane Checchia Nery who she alleges employed her in Westchester County, New York. Plaintiff alleges that Defendants have violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by, among other things, failing to pay her the wages she was due.

      Plaintiff Ms. Silva worked for Defendants as a domestic worker at their home in Scarsdale, New York. She alleges claims for minimum wage, overtime, and retaliation under the FLSA and NYLL, claims for untimely wage payments, unlawful deductions, spread-of-hours, and wage statements and notices under the NYLL, and breach of contract.

      Defendants denied any violation of law and dispute Plaintiff's factual allegations as to the hours she alleges that she worked among other things.

## Settlement Terms

      As set forth in the attached settlement agreement, the parties have agreed to settle the Plaintiff's claims for $75,000. The terms of the settlement, and the further terms and conditions

Hon. Paul E. Davison
July 15, 2021
Page 2 of 4

reflected in the written Settlement Agreement represent a reasonable compromise of the *bona fide* disputed issues in this case. The parties therefore seek approval of the settlement, with a breakdown of these funds as follows: $47,342.54 to Ms. Silva, $3986.20 as costs, and $23,671.26 to counsel as attorneys' fees. The settlement amount will be paid in lump sum payments due within 14 days of approval of the Settlement Agreement.

The settlement agreement does not include a confidentiality agreement or a non-disparagement agreement. The releases in the agreement are mutual and are limited to claims that are germane to this action.

The parties believe that the settlement here reflects a reasonable compromise of the disputed issues and any actual or potential claims. For the Plaintiff, the certainty of the settlement agreed to is better than the uncertain outcome of costly and protracted litigation. In addition, Plaintiff believes that a lump sum payment for the agreed upon amount is in her best interest. For these reasons, the parties seek the Court's approval of the agreement.

### *Cheeks* Analysis

As the Court is aware, an examination of whether an agreement is fair and reasonable under *Cheeks* involves consideration of "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." See *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

A court may also consider: "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstances will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336 (internal quotation marks omitted).

These issues are addressed below.

*Range of possible recovery*: Under Plaintiff's calculations, the amount of unpaid wages she would be owed if she prevailed on all aspects of her wage and hour claims is approximately $81,287.33. This calculation does not credit Defendants for certain payments they claim were made to or on behalf of Plaintiff. Furthermore, Defendants claim that Plaintiff did not work as many hours as she claimed and that, even if she did, she was a live-in domestic worker for the entirety of her employment and therefore not entitled to overtime pay for hours worked beyond 40 per week. While Plaintiff believes that she employs the correct method to determine the

amount owed, Defendants dispute Plaintiff's allegations regarding her hours of work and it is Defendant's position that the amount owed to Plaintiff, if anything, would be significantly lower than Plaintiff alleges. If this matter proceeded to litigation, Plaintiff would also seek liquidated damages at 100% of the wage underpayments, and statutory damages under New York Labor Law § 195 and 198 (a maximum of $10,000) for Defendants' alleged failure to provide proper wage notifications to Plaintiff. Defendants claim that they had reasonable grounds for their belief that they were complying with the FLSA and would dispute the imposition of liquidated damages, and Defendants further dispute any right to penalties under the New York Labor Law because Plaintiff was not hired in the United States and the Defendants reasonably believed in good faith that it was not required to comply with Section 195's notice requirements and because Plaintiff received complete and timely payment of wages due to her under the parties' agreements.

While the agreed to settlement amount reflects a meaningful discount in the amount Plaintiff believes that she is owed, the settlement amount as agreed upon by the Parties is significant considering the inherent risks of litigation and the defenses asserted by Defendants. The determination of whether or not a settlement amount is reasonable "does not involve the use of a mathematical equation yielding a particular sum." *Frank v. Eastman Kodak, Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (internal citations and quotations omitted). In reaching this agreement, Defendants' ability to pay was a significant factor. Defendants have represented, and Plaintiff's investigation confirms, that Defendants would likely not be able to satisfy a judgment should one have been obtained in this case for the maximum amount Plaintiff sought.

The attorneys' fees of $23,671.26 are also fair and reasonable. Plaintiff agreed, upon retaining Plaintiff's counsel, that counsel would receive 1/3 of the settlement amount remaining after deducting costs. One third of the full settlement amount represents a considerably lower amount than counsel's lodestar. Plaintiff counsel's work – which is detailed in the attached exhibits – has included interviewing the Plaintiff, investigating the identity of Defendants, drafting the Complaint and a subsequent Amended Complaint, preparing damages calculations, participating in a Rule 26 call, attending telephonic Court conferences, preparing discovery requests, responding to discovery requests, preparing for and attending Plaintiff's deposition, preparing for and conducting the deposition of Defendants, preparing for and attending mediation, preparing for and attending the settlement conference, preparing and revising the settlement agreement, and preparing this submission. As a lodestar check on the 1/3 figure of $23,671.26, Plaintiff's lodestar in this case would amount to $59,325. Counsel's time records and declaration concerning counsel's qualifications and rates are attached to this application.

*Avoiding burdens/expenses and litigation risk*: In Plaintiff's estimation, the primary risk this settlement minimizes is the risk that she would obtain a judgment that she could not enforce. By agreeing to the amount of payment here, Plaintiff avoids the scenario in which she obtains a judgment but is left with years of litigation to try to enforce that judgment. The assurances of

Hon. Paul E. Davison
July 15, 2021
Page 4 of 4

prompt payment was a significant factor weighing in favor of a settlement. Given the temporal vagaries of trial dates, post-trial motions, and appeals, a prompt resolution was a significant factor in accepting a settlement as well.

As to the burden of proceeding, all parties are motivated to avoid the burden and expense of a trial. The parties had already exchanged paper discovery in this case and conducted the depositions of Plaintiff and Defendants. Extensive pre-trial preparation was to have taken place if the case did not settle.

In sum, weighing the benefit of a secure payment which ensures a meaningful amount paid to Plaintiff against the risks and burdens associated with proceeding with a lengthy litigation, the settlement is reasonable.

*Arms-length bargaining/risk of fraud*: The parties in this case reached a settlement after extensive negotiation. The settlement discussions were arm's length, involved no fraud or collusion, and involved experienced counsel and fully informed parties on both sides.

In sum, for all of these reasons, the settlement here is fair and reasonable, and all parties ask that it be approved by the Court.

Respectfully,

*Wendy Dolce*

Wendy Dolce
Counsel for Plaintiff